JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3984 GAF (AJWx) | Date | June 28, 2010 |
|---|---|---|---|
| Title | Preferred Management Development, LP v. Precious R. King | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

## ORDER REMANDING CASE

Plaintiff Preferred Management Development, LP filed this unlawful detainer action against defendant Precious R. King ("King") in Los Angeles County Superior Court of California on May 20, 2010.  (Not., Docket No. 3 [Complaint for Unlawful Detainer].)  On June 8, 2010, King removed the action to this court.  (Not., Docket No. 3.)

For removal to be proper, the Court must have subject matter jurisdiction over the case.  Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here, the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  "The 'strong presumption' against removal jurisdiction means

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3984 GAF (AJWx) | Date | June 28, 2010 |
|---|---|---|---|
| Title | Preferred Management Development, LP v. Precious R. King | | |

that the defendant always has the burden of establishing that removal is proper." Id. (citations omitted).

King's notice of removal is a confusing document, containing multiple run-on sentences. The notice claims that:

> The case has been removed from [sic] the following reasons: "True Bill" by Precious R. King in support of Legislative Act, By Caveat Judicial Notice 28 USC 1446-sec. 576 . . . King has reason to believe, because as a Citizen who reserves the right to wait until the Attorney General Criminal indict these predators lenders who prey on General Public at large, in Jeopardy because of Unethical Business practice . . . .

(Not., Docket No. 3, at 2.)

The Court concludes that the notice does not sufficiently plead a cognizable theory or facts supporting subject matter jurisdiction in this case. Therefore, the Court **REMANDS** the present action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**